

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-12-00053-CV
_____

IN RE:
GERALD WAYNE GEORGE

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Gerald Wayne George has filed a petition for writ of mandamus in which he asks this Court to apply one of several different measures ordering the trial court to act. George is incarcerated, and the trial court had dismissed his lawsuit for want of prosecution. In his appeal in our cause number 06-11-00071-CV, he complained that proper procedures were not followed in connection with his motion to reinstate; thus, he had not had the proper opportunity to contest the dismissal. We agreed, reversed and remanded to the trial court for further proceedings, which we specified involved conducting the hearing on George's motion to reinstate pursuant to TEX. R. CIV. P. 165a. Our opinion issued on January 13, 2012.

George states that despite his requests, the trial court has not taken action, and asks this Court to order the trial court to conduct the reinstatement hearing pursuant to our judgment. We have been informed that the trial court has not conducted the hearing, but that the trial court has provided the relief sought by George and has reinstated George's case on the court docket.

The ultimate result sought by George under our opinion has thus been provided, and since the case has been reinstated, to require the trial court to conduct the hearing at this juncture—to determine whether the case should be reinstated—would be to require a pointless act. Where there has ceased to be an active controversy, any decision by this Court would be a mere academic exercise. *See In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding); *Cappadonna Elec. Mgmt. v. Cameron Cnty.*, 180 S.W.3d 364, 375 (Tex. App.—Corpus Christi 2005, orig. proceeding). There remains no justiciable controversy, because we can grant no relief having a practical legal effect on the controversy. *See Kessling v.*

2

*Friendswood Indep. Sch. Dist.*, 302 S.W.3d 373, 384 (Tex. App.—Houston [14th Dist.] 2009, pet. denied).   The issue raised is therefore moot.

We deny the petition.


Jack Carter
Justice

Date Submitted:     June 11, 2012
Date Decided:       June 12, 2012